UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| SOLAS OLED LTD., an Irish corporation,<br><br>*Plaintiff*,<br><br>vs.<br><br>HP, INC., a Delaware corporation,<br><br>*Defendant*. | CASE NO.  6:19-cv-00631<br><br>**Complaint for Patent Infringement**<br><br>**JURY DEMANDED** |

## Complaint for Patent Infringement

Plaintiff Solas OLED Ltd. ("Solas") files this complaint against Defendant HP, Inc. ("Defendant"), alleging infringement of U.S. Patent Nos. 7,499,042; 7,573,068; and 7,663,615 ("Patents-in-Suit"). The accused product is the HP Spectre x360.

**Plaintiff Solas OLED and the Patents-in-Suit.**

1. Plaintiff Solas is a technology licensing company organized under the laws of Ireland, with its headquarters at 4-5 Burton Hall Road, Sandyford, Dublin 18.

2. Solas is the owner of U.S. Patent No. 7,499,042, entitled "Display Device, Data Driving Circuit, and Display Panel Driving Method," which issued March 3, 2009 (the "'042 patent"). A copy of the '042 patent is attached to this complaint as Exhibit 1.

3. Solas is the owner of U.S. Patent No. 7,573,068, entitled "Transistor Array Substrate and Display Panel," which issued August 11, 2009 (the "'068 patent"). A copy of the '068 patent is attached to this complaint as Exhibit 2.

1

4.       Solas is the owner of U.S. Patent No. 7,663,615, entitled "Light Emission Drive Circuit and Its Drive Control Method and Display Unit and Its Display Drive Method," which issued February 16, 2010 (the "'615 patent").  A copy of the '615 patent is attached to this complaint as Exhibit 3.

**Defendant and the Accused Products.**

5.       On information and belief, Defendant HP, Inc. is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1501 Page Mill Road, Palo Alto, California 94304.

6.       The Accused Products are HP Spectre x360 laptop computers (illustrated below).



HP Spectre x360
https://store.hp.com/us/en/pdp/hp-spectre-x360-laptop-13t-touch-7al88av-1

**Jurisdiction, venue, and joinder.**

7. Solas asserts claims for patent infringement against HP under the patent laws of the United States, including 35 U.S.C. §§ 271 and 281, *et seq*. The Court has original jurisdiction over Solas' patent infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

8. The Court has personal jurisdiction over HP. HP has committed acts of infringement within this district (e.g., selling and using Accused Products). HP has established minimum contacts with the State of Texas such that the exercise of jurisdiction over HP would not offend traditional notions of fair play and substantial justice.

9. Venue is proper in this district under 28 U.S.C. §1400(b). Defendant is registered to do business in Texas, and upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, an importing products that infringe the Patents-in-Suit. Defendant has a regular and established place of business in the District, including data centers in Austin, Texas and offices at 3800 Quick Hill Road #100, Austin, Texas 78728. Defendant also advertises jobs available in Austin, Texas on its website.[1]

**Count 1 – Claim for infringement of the '042 patent.**

10. Solas incorporates by reference each of the allegations in paragraphs 1–9 above and further alleges as follows:

11. On March 3, 2009, the United States Patent and Trademark Office issued U.S. Patent No. 7,499,042, entitled "Display Device, Data Driving Circuit, and Display Panel Driving Method." Ex. 1.

---

[1] *See, e.g.*, https://jobs.hp.com/en-us/showjob/jobid/898/cybersecuritysystemsengineer; https://jobs.hp.com/en-us/showjob/jobid/1921/productsecurityengineer; https://jobs.hp.com/en-us/showjob/jobid/915/cyberengagementspecialist.

12.     Solas is the owner of the '042 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

13.     Each claim of the '042 patent is valid, enforceable, and patent-eligible.

14.     Solas and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '042 patent, and Solas is entitled to damages for HP's past infringement.

15.     HP has directly infringed (literally and equivalently) and induced others to infringe the '042 patent by making, using, selling, offering for sale, or importing products that infringe the claims of the '042 patent and by inducing others to infringe the claims of the '042 patent without a license or permission from Solas.

Direct Infringement

16.     HP has directly infringed (literally and equivalently) at least one claim of the '042 patent by making, using, offering to sell, selling, and importing the Accused Products.  HP has infringed multiple claims of the '042 patent, including independent claim 1.  By way of example only, the HP Spectre x360 infringed an exemplary claim of the '042 patent, as in the description set forth in the claim chart attached hereto as Exhibit 4, which Solas provides without the benefit of information about the accused device obtained through discovery.

Indirect infringement

17.     HP has had knowledge of the '042 patent, from a date no later than the date it receives this complaint. HP has known how the Accused Products are made and has known, or has been willfully blind to the fact, that making, using, offering to sell, and selling the Accused Products within the United States, or importing the Accused Products into the United States, would constitute infringement.

18. HP has induced, and continues to induce, infringement of the '042 patent by actively encouraging others (including distributors and end customers) to use, offer to sell, sell, and import the Accused Products. On information and belief, these acts include providing information and instructions on the use of the Accused Products; providing information, education and instructions supporting sales by distributors; providing the Accused Products to distributors; and indemnifying patent infringement within the United States.

Damages

19. Solas has been damaged by HP's infringement of the '042 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**Count 2 – Claim for infringement of the '068 patent.**

20. Solas incorporates by reference each of the allegations in paragraphs 1–19 above and further alleges as follows:

21. On August 11, 2009, the United States Patent and Trademark Office issued U.S. Patent No. 7,573,068, entitled "Transistor Array Substrate and Display Panel." Ex. 2.

22. Solas is the owner of the '068 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

23. Each claim of the '068 patent is valid, enforceable, and patent-eligible.

24. Solas and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '068 patent, and Solas is entitled to damages for HP's past infringement.

25. HP has directly infringed (literally and equivalently) and induced others to infringe the '068 patent and, unless enjoined, will continue to do so by making, using, selling, offering for sale, or importing products that infringe the claims of the '068 patent and by

inducing others to infringe the claims of the '068 patent without a license or permission from Solas.

### Direct Infringement

26. HP has directly infringed (literally and equivalently) at least one claim of the '068 patent by making, using, offering to sell, selling, and importing the Accused Products. HP has infringed multiple claims of the '068 patent, including independent claim 1. By way of example only, the HP Spectre x360 infringed an exemplary claim of the '068 patent, as in the description set forth in the claim chart attached hereto as Exhibit 5, which Solas provides without the benefit of information about the accused device obtained through discovery.

### Indirect infringement

27. HP has induced, and continues to induce, infringement of the '068 patent by actively encouraging others (including distributors and end customers) to use, offer to sell, sell, and import the Accused Products. On information and belief, these acts include providing information and instructions on the use of the Accused Products; providing information, education and instructions supporting sales by distributors; providing the Accused Products to distributors; and indemnifying patent infringement within the United States.

### Damages

28. Solas has been damaged by HP's infringement of the '068 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**Count 3 – Claim for infringement of the '615 patent.**

29. Solas incorporates by reference each of the allegations in paragraphs 1–28 above and further alleges as follows:

30. On February 16, 2010, the United States Patent and Trademark Office issued U.S. Patent No. U.S. Patent No. 7,663,615, entitled "Light Emission Drive Circuit and Its Drive Control Method and Display Unit and Its Display Drive Method." Ex. 3.

31. Solas is the owner of the '615 patent with full rights to pursue recovery of royalties for damages for infringement, including full rights to recover past and future damages.

32. Each claim of the '615 patent is valid, enforceable, and patent-eligible.

33. Solas and its predecessors in interest have satisfied the requirements of 35 U.S.C. § 287(a) with respect to the '615 patent, and Solas is entitled to damages for HP's past infringement.

34. HP has directly infringed (literally and equivalently), contributed to the infringement, and induced others to infringe the '615 patent and, unless enjoined, will continue to do so by making, using, selling, offering for sale, or importing products that infringe the claims of the '615 patent and by contributing to or inducing others to infringe the claims of the '615 patent without a license or permission from Solas.

Direct Infringement

35. HP has directly infringed (literally and equivalently) at least one claim of the '615 patent by making, using, offering to sell, selling, and importing the Accused Products. HP has infringed multiple claims of the '615 patent, including independent claim 1. By way of example only, the HP Spectre x360 infringed an exemplary claim of the '615 patent, as in the description set forth in the claim chart attached hereto as Exhibit 6, which Solas provides without the benefit of information about the accused device obtained through discovery.

Indirect infringement

36. HP has induced, and continues to induce, infringement of the '615 patent by actively encouraging others (including distributors and end customers) to use, offer to sell, sell, and import the Accused Products. On information and belief, these acts include providing information and instructions on the use of the Accused Products; providing information, education and instructions supporting sales by distributors; providing the Accused Products to distributors; and indemnifying patent infringement within the United States.

Damages

37. Solas has been damaged by HP's infringement of the '615 patent and is entitled to damages as provided for in 35 U.S.C. § 284, including reasonable royalty damages.

**Jury demand.**

38. Solas demands trial by jury of all issues.

**Relief requested.**

Solas prays for the following relief:

A. A judgment in favor of Solas that HP has infringed the '042 patent, the '068 patent, and the '615 patent and that the '042 patent, the '068 patent, and the '615 patent are valid, enforceable, and patent-eligible;

B. A judgment and order requiring HP to pay Solas compensatory damages, costs, expenses, and pre- and post-judgment interest for its infringement of the asserted patents, as provided under 35 U.S.C. § 284;

C. A permanent injunction prohibiting HP from further acts of infringement of the '042 patent, the '068 patent, and the '615 patent;

D. A judgment and order requiring HP to provide an accounting and to pay supplemental damages to Solas, including, without limitation, pre-judgment and post-judgment interest;

E. A finding that this case is exceptional under 35 U.S.C. § 285, and an award of Solas' reasonable attorney's fees and costs; and

F. Any and all other relief to which Solas may be entitled.

Dated: October 24, 2019

Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie
CA State Bar No. 246953
Email: rmirzaie@raklaw.com
Marc Fenster
CA State Bar No. 181067
Email: mfenster@raklaw.com
Neil A. Rubin
CA State Bar No. 250761
Email: nrubin@raklaw.com
Theresa Troupson
CA State Bar No. 301215
Email: ttroupson@raklaw.com
Kent N. Shum
CA State Bar No. 259189
Email: kshum@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

T. John Ward, Jr.
Texas State Bar No. 00794818
Email: jw@wsfirm.com
Claire Abernathy Henry
Texas State Bar No. 24053063
Email: claire@wsfirm.com
Andrea L. Fair
Texas State Bar No. 24078488
Email: andrea@wsfirm.com
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

**ATTORNEYS FOR PLAINTIFF, SOLAS OLED, LTD.**