## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| SOLAS OLED LTD., an Irish corporation, | |
| Plaintiff, | Case No. 6:19-cv-0063-CM |
| v. | |
| HP, INC., a Delaware corporation, | **JURY TRIAL DEMANDED** |
| Defendant. | |

### DEFENDANT HP INC.'S ANSWER AND COUNTERCLAIMS TO SOLAS LTD.'S COMPLAINT FOR PATENT INFRINGEMENT

Defendant HP Inc. ("HP"), by and through its undersigned attorneys, hereby answers

plaintiff Solas OLED Ltd.'s ("Solas" or "Plaintiff") Complaint for Patent Infringement

("Complaint") (Dkt. 1). HP denies all allegations and characterizations in the Complaint, unless

expressly and specifically admitted in the following paragraphs. HP adopts the headings found

in the Complaint for ease of reference only and denies any characterizations of such headings.

HP specifically responds to the numbered allegations of the Complaint in the numbered

paragraphs below.

### Plaintiff Solas OLED and the Patents-in-Suit

1.      HP lacks information sufficient to form a belief as to the truth of the allegations

of paragraph 1 of the Complaint and, on that basis, denies them.

2.      HP admits that U.S. Patent No. 7,499,042 (the "'042 Patent") appears from the

face of the patent to have issued on March 3, 2009, and that what appears to be a copy of the

'042 patent is attached to the Complaint as Exhibit 1. HP lacks information sufficient to form a

belief as to the truth of the remaining allegations of paragraph 2 of the Complaint and, on that basis, denies them.

3.      HP admits that U.S. Patent No. 7,573,068 (the "'068 Patent") appears from the face of the patent to have issued on August 11, 2009, and that what appears to be a copy of the '068 patent is attached to the Complaint as Exhibit 2.  HP lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 3 of the Complaint and, on that basis, denies them.

4.      HP admits that U.S. Patent No. 7,663,615 (the "'615 Patent") appears from the face of the patent to have issued on February 16, 2010, and that what appears to be a copy of the '615 patent is attached to the Complaint as Exhibit 3.  HP lacks information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the Complaint and, on that basis, denies them.

### Defendant and the Accused Products

5.      HP admits that HP Inc. is a Delaware corporation with a principal place of business at 1501 Page Mill Road, Palo Alto, California 94304.

6.      HP admits that Plaintiff purports to name an HP Spectre x360 as the accused product in this proceeding in paragraph 6 of the Complaint.  Except as expressly admitted, HP denies the remaining allegations of this paragraph.

### Jurisdiction, Venue and Joinder

7.      HP admits that the Complaint purports to assert a claim pursuant to the patent laws of the United States, 35 U.S.C. §§ 271 and 281, *et seq.*, and that the Federal District Courts have exclusive subject matter jurisdiction of such actions under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, HP denies the remaining allegations of this paragraph.

8.       HP does not contest that it is subject to personal jurisdiction in this Court.  HP admits that it is registered to do business in Texas and has transacted business in Texas.  HP denies that it has committed any act of patent infringement anywhere, including in this District.  Except as expressly admitted, HP denies the remaining allegations of this paragraph.

9.       HP admits that venue in this district is permissible for the purposes of this particular action but denies that this District and/or division is convenient and appropriate.  HP reserves all rights to seek transfer to a more convenient and/or appropriate venue.  HP admits that it operates in certain facilities in Austin, Texas, including at 3800 Quick Hill Road #100, Austin, Texas 78728 and that it advertises positions on its website available in Austin.  HP denies the remaining allegations of this paragraph.

**Count 1 - Claim Alleging Infringement of the '042 Patent**

10.       HP incorporates by reference its responses to paragraphs 1 through 9 as though fully set forth herein.

11.       HP admits that the '042 Patent appears from the face of the patent to have issued on March 3, 2009, that it appears to be titled "Display Device, Data Driving Circuit, and Display Panel Driving Method," and that what appears to be a copy of the '042 patent is attached to the Complaint as Exhibit 1.  HP denies the remaining allegations of this paragraph.

12.       HP lacks information sufficient to form a belief as to Plaintiff's ownership of and/or rights concerning the '042 Patent, and on that basis denies such allegations.  HP denies the remaining allegations of this paragraph.

13.       HP denies the allegations of paragraph 13.

14.       HP denies the allegations of paragraph 14.

15.       HP denies the allegations of paragraph 15.

16. HP denies the allegations of paragraph 16.

17. HP denies the allegations of paragraph 17.

18. HP denies the allegations of paragraph 18.

19. HP denies the allegations of paragraph 19.

**Count 2 – Claim Alleging Infringement of the '068 Patent**

20. HP incorporates by reference its responses to paragraphs 1 through 19 as though fully set forth herein.

21. HP admits that the '068 Patent appears from the face of the patent to have issued on August 11, 2009, that it appears to be titled "Transistor Array Substrate and Display Panel," and that what appears to be a copy of the '068 patent is attached to the Complaint as Exhibit 2. HP denies the remaining allegations of this paragraph.

22. HP lacks information sufficient to form a belief as to Plaintiff's ownership of and/or rights concerning the '068 Patent, and on that basis denies such allegations. HP denies the remaining allegations of this paragraph.

23. HP denies the allegations of paragraph 23.

24. HP denies the allegations of paragraph 24.

25. HP denies the allegations of paragraph 25.

26. HP denies the allegations of paragraph 26.

27. HP denies the allegations of paragraph 27.

28. HP denies the allegations of paragraph 28.

**Count 3 – Claim Alleging Infringement of the '615 Patent**

29. HP incorporates by reference its responses to paragraphs 1 through 28 as though fully set forth herein.

30.     HP admits that the '615 Patent appears from the face of the patent to have issued on February 16, 2010, that it appears to be titled "Light Emission Drive Circuit and Its Drive Control Method and Display Unit and Its Display Drive Method," and that what appears to be a copy of the '615 patent is attached to the Complaint as Exhibit 3. HP denies the remaining allegations of this paragraph.

31.     HP lacks information sufficient to form a belief as to Plaintiff's ownership of and/or rights concerning the '615 Patent, and on that basis denies such allegations. HP denies the remaining allegations of this paragraph.

32.     HP denies the allegations of paragraph 32.

33.     HP denies the allegations of paragraph 33.

34.     HP denies the allegations of paragraph 34.

35.     HP denies the allegations of paragraph 35.

36.     HP denies the allegations of paragraph 36.

37.     HP denies the allegations of paragraph 37.

## Jury Demand

38.     Plaintiff's demand for a jury trial requires no response by HP. HP also demands a trial by jury on all issues so triable.

## Relief Requested

Plaintiff's request for relief requires no response by HP. However, for avoidance of doubt, HP denies that Plaintiff is entitled to any of the requested relief and denies all allegations and prayers for relief contained within the paragraphs A through F of the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Subject to the responses above, HP contends and asserts the following affirmative and other defenses in response to the allegations in the Complaint. By asserting these defenses, HP does not admit that it bears the burden of proof on any issue and does not accept any burden it would not otherwise bear.

### I. Noninfringement and Invalidity

As required by 35 U.S.C. § 282(b), HP states that it has not infringed any valid claim of the asserted patents, and that all such asserted claims are invalid and/or void pursuant to one or more provisions of Part II of Title 35, U.S. Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### II. Failure to State a Claim

The Complaint fails to state facts upon which a claim for relief can be granted against HP under the pleading standards set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their progeny.

### III. Limitations on Damages

Plaintiff's claims for damages are barred or limited, in whole or in part, pursuant to 35 U.S.C. § 286, which prohibits recovery for activities committed more than six years before the filing of the Complaint. Plaintiff's claims for relief and prayer for damages are barred or limited, in whole or in part, pursuant to 35 U.S.C. § 287, because, on information and belief, articles made, offered for sale, sold, or imported by one or more of Plaintiff's licensees lack or lacked the requisite marking or notice. Plaintiff is barred by 35 U.S.C. § 288 from recovering costs. Plaintiff's claims for damages against HP are barred to the extent that any accused product is made for or used by the United States government pursuant to the exclusive remedies of 28 U.S.C. § 1498.

## IV. Extraterritoriality

Plaintiff's claims for patent infringement are barred or limited, in whole or in part, to the extent that any accused functionality or acts are located or performed outside the United States.

## V. Equitable Defenses

Plaintiff's claims are barred or limited, in whole or in part, under principles of equity, including waiver, estoppel, including but not limited to prosecution history estoppel, and/or unclean hands.

## VI. Preclusion

Plaintiff's claims are barred or limited, in whole or in part, by claim preclusion, issue preclusion, and/or the *Kessler* doctrine.

## VII. License, Implied License and Exhaustion

Plaintiff's infringement claims are barred by one or more of the doctrines of license, implied license and/or patent exhaustion.

## VIII. No Injunctive Relief

To the extent Plaintiff seeks injunctive relief for alleged infringement of the asserted patents, the relief it seeks is unavailable because any alleged injury to Plaintiff is not immediate or irreparable, the balance of hardships and public interest weighs against the grant of an injunction, and Plaintiff has an adequate remedy at law.

## IX. No Attorneys' Fees or Costs

HP did not have notice of the asserted patents prior to the filing of the lawsuit and has a good faith belief that the patents are invalid and not infringed. Accordingly, Plaintiff cannot obtain attorneys' fees or costs pursuant to 35 U.S.C. § 285. Moreover, Plaintiff's Complaint does not plead a claim for infringement sufficient to put HP on notice as to the claim being made.

## X.   Lack of Standing

Upon information and belief, Plaintiff lacks standing to enforce any of the asserted

patents.

Plaintiff cannot seek damages for any activities prior to the filing of this action due to

failure to provide notice to HP. Any claim for damages for patent infringement by Plaintiff is

limited by 35 U.S.C. § 287 to those damages occurring only after the notice of infringement.

## XI.   Reserved Defenses

HP reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil

Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity,

which may now exist or in the future may be available based on discovery and further factual

investigation in this case.

## COUNTERCLAIMS

Pursuant to Federal Rule of Civil Procedure 13, Defendant and Counterclaim-Plaintiff HP

Inc. ("HP") brings these Counterclaims against Plaintiff and Counterclaim-Defendant Solas

OLED, Ltd. ("Solas") and alleges as follows:

## PARTIES

1.    HP is a corporation organized under the laws of Delaware with its principal place

of business at 1501 Page Mill Road, Palo Alto, CA 94304.

2.    Upon information and belief, Solas is an Irish corporation with its principal place

of business at 4-5 Burton Hall Road, Sandyford, Dublin 18.

## JURISDICTION AND VENUE

3.    This is an action for declaratory judgment of non-infringement and invalidity of

U.S. Patent Nos. 7,499,042 (the "'042 Patent"), 7,573,068 (the "'068 Patent") and 7,663,615 (the

"'615 Patent"). This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367(a), 2201 and 2202.

4.      Venue is proper in the Western District of Texas under 28 U.S.C. §§ 1391 and 1400 as a result of Solas having filed its action against HP in this District. By filing its Complaint in this District, Solas has consented to personal jurisdiction and venue. HP brings these counterclaims in this District in response to Solas' claims of infringement, while maintaining that this District is not the most appropriate or convenient forum for this action.

## BACKGROUND

5.      On October 24, 2019, Solas filed a lawsuit against HP alleging infringement of the '042 Patent, the '068 Patent and the '615 Patent. (Dkt. 1)

6.      Solas' Complaint alleges that it is the owner of the '042 Patent, the '068 Patent and the '615 Patent.

7.      An actual, substantial and continuing justiciable controversy exists between HP and Solas within the meaning of 28 U.S.C. §§ 2201 and 2202 concerning whether the '042 Patent, the '068 Patent and the '615 Patent are valid and infringed. This controversy is of sufficient immediacy and reality to warrant the issue of a declaratory judgment.

## FIRST COUNTERCLAIM
### (NON-INFRINGEMENT OF THE '042 PATENT)

8.      HP incorporates Paragraphs 1 through 7 of its Counterclaims as if fully set forth herein.

9.      HP has not infringed and does not infringe any valid and enforceable claim of the '042 Patent, directly, indirectly, contributorily, by inducement, or in any other manner.

10.      To resolve the legal and factual questions Solas has raised and to provide relief from the uncertainty and controversy arising from Solas' allegations, HP is entitled to a

declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '042 Patent.

## SECOND COUNTERCLAIM
### (INVALIDITY OF THE '042 PATENT)

11.  HP incorporates Paragraphs 1 through 10 of its Counterclaims as if fully set forth herein.

12.  Each claim of the '042 Patent is invalid for failure to comply with the requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

13.  To resolve the legal and factual questions Solas has raised and to provide relief from the uncertainty and controversy arising from Solas' allegations, HP is entitled to a declaratory judgment that the claims of the '042 Patent are invalid.

## THIRD COUNTERCLAIM
### (NON-INFRINGEMENT OF THE '068 PATENT)

14.  HP incorporates Paragraphs 1 through 13 of its Counterclaims as if fully set forth herein.

15.  HP has not infringed and does not infringe any valid and enforceable claim of the '068 Patent, directly, indirectly, contributorily, by inducement, or in any other manner.

16.  To resolve the legal and factual questions Solas has raised and to provide relief from the uncertainty and controversy arising from Solas' allegations, HP is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '068 Patent.

## FOURTH COUNTERCLAIM
## (INVALIDITY OF THE '068 PATENT)

17.     HP incorporates Paragraphs 1 through 16 of its Counterclaims as if fully set forth herein.

18.     Each claim of the '068 Patent is invalid for failure to comply with the requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

19.     To resolve the legal and factual questions Solas has raised and to provide relief from the uncertainty and controversy arising from Solas' allegations, HP is entitled to a declaratory judgment that the claims of the '068 Patent are invalid.

## FIFTH COUNTERCLAIM
## (NON-INFRINGEMENT OF THE '615 PATENT)

20.     HP incorporates Paragraphs 1 through 19 of its Counterclaims as if fully set forth herein.

21.     HP has not infringed and does not infringe any valid and enforceable claim of the '615 Patent, directly, indirectly, contributorily, by inducement, or in any other manner.

22.     To resolve the legal and factual questions Solas has raised and to provide relief from the uncertainty and controversy arising from Solas' allegations, HP is entitled to a declaratory judgment that it does not infringe and has not infringed any valid and enforceable claim of the '615 Patent.

## SIXTH COUNTERCLAIM
## (INVALIDITY OF THE '615 PATENT)

23.     HP incorporates Paragraphs 1 through 22 of its Counterclaims as if fully set forth herein.

24.	Each claim of the '615 Patent is invalid for failure to comply with the requirements of patentability set forth in the patent statutes, including 35 U.S.C. §§ 101, 102, 103 and/or 112.

25.	To resolve the legal and factual questions Solas has raised and to provide relief from the uncertainty and controversy arising from Solas' allegations, HP is entitled to a declaratory judgment that the claims of the '615 Patent are invalid.

## DEMAND FOR JURY TRIAL

HP demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, HP respectfully prays for the following relief:

A.	That Solas' Complaint be dismissed in its entirety, with prejudice, and that the Court enter judgment in favor of HP and deny Solas all requested relief;

B.	That the Court grant declaratory judgment that HP does not infringe and has not infringed the '042, '068 and '615 Patents;

C.	That the Court grant declaratory judgment that the claims of the '042, '068 and '615 Patents are invalid and/or unenforceable;

D.	That the Court enter a judgment finding that the accused products are not subject to suit;

E.	That the Court enter a judgment finding that Solas cannot recover any damages from HP in this action and that Solas is not entitled to injunctive or other relief;

F.	A declaration that this case is exceptional under 35 U.S.C. § 285 and an award to HP of its costs, attorneys' fees, expenses, and interest; and

G.      All other and further relief as the Court deems equitable and just.


Dated:  January 6, 2020                          Respectfully submitted,


                                                 */s/ Megan Whyman Olesek*
                                                 Melissa R. Smith
                                                 Texas Bar No. 24001351
                                                 melissa@gillamsmithlaw.com
                                                 **GILLAM & SMITH, LLP**
                                                 303 South Washington Avenue
                                                 Marshall, Texas 75670
                                                 Tel:  (903) 934-8450
                                                 Fax:  (903) 934-9257

                                                 Megan Whyman Olesek (*Pro Hac Vice* pending)
                                                 olesek@turnerboyd.com
                                                 Robert Kent (*Pro Hac Vice* pending)
                                                 kent@turnerboyd.com
                                                 Zhuanjia Gu (*Pro Hac Vice* pending)
                                                 gu@turnerboyd.com
                                                 Louis Wai (*Pro Hac Vice* pending)
                                                 wai@turnerboyd.com
                                                 **TURNER BOYD LLP**
                                                 702 Marshall Street, Suite 640
                                                 Redwood City, California 94063
                                                 Telephone: (650) 521-5930
                                                 Facsimile: (650) 521-5931

                                                 ***Attorneys for Defendant and Counterclaimant
                                                 HP INC.***


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have

consented to electronic service are being served with a copy of this document on January 6,

2020, via the Court's CM/ECF system per Local Rule CV-5(a)(3).


                                                 */s/ Melissa R. Smith*